# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAISY SAJI,**<br>Plaintiff**,**<br>vs.<br>**RESIDENTIAL CREDIT SOLUTIONS, ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-00025-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 17 |

Plaintiff brings this action alleging that defendants Bank of New York Mellon ("BONY"), Residential Credit Solutions ("RCS"), and Ditech Financial LLC ("Ditech") committed wrongful acts and omissions with regard to her loan modification application, resulting in the imminent loss of her home. (Dkt. No. 15, First Amended Complaint "FAC" ¶ 1.) Specifically, plaintiff raises the following causes of action: (i) Count One, wrongful foreclosure pursuant to California Civil Code section 2923.6; (ii) Count Two, failure to provide a single point of contact ("SPOC") in foreclosure proceedings pursuant to California Civil Code section 2923.7; (iii) Count Three, failure to provide written acknowledgement of loan modification application pursuant to California Civil Code section 2924.10; and (iv) Count Four, negligence in loan servicing.

Defendants have moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 17.)[1] Having carefully considered the pleadings

---

[1] In connection with their motion to dismiss, defendants have filed a request for judicial notice of the following exhibits: (1) Exhibit 1, March 7, 2006 Deed of Trust; (2) Exhibit 2, July 12, 2011 Assignment of Deed of Trust; (3) Exhibit 3, Docket Report, *In re Saji*, Bankr. No. 12-41580 (N.D. Cal. Bankr. Jan. 11, 2017); (4) Exhibit 4, Debtor's Voluntary Petition, *In re Saji*, Bankr. No. 12-41580 (N.D. Cal. Bankr. Feb. 22, 2012); (5) Exhibit 5, Order, *In re Saji*, Bankr. No. 12-41580 (N.D. Cal. Bankr. Apr. 4, 2012); (6) Exhibit 6, Motion for Relief from Automatic Stay, *In re Saji*, Bankr. No. 12-41580 (N.D. Cal. Bankr. Feb. 24, 2015); (7) Exhibit 7, Order, *In re Saji*, Bankr. No. 12-41580 (N.D. Cal. Bankr. Mar. 24, 2015); and (8) Exhibit 8, September 6, 2016

and the papers submitted on this motion, and for the reasons set forth below, the Court **GRANTS IN PART** defendants' motion to dismiss as follows: Count Three is **DISMISSED** with leave to amend, and Count Four is **DISMISSED WITH PREJUDICE**.[2]

## I. BACKGROUND

Plaintiff's claims against defendants relate to foreclosure and loan modification proceedings on plaintiff's property located at 736 Bridge Creek Drive, San Ramon, California 94582 (the "Subject Property"). (FAC ¶ 10.)

On March 7, 2006, plaintiff executed a first-lien Deed of Trust and Promissory Note in favor of America's Wholesale Lender to secure financing for the Subject Property in the amount of $752,000. (*Id.*; RJN Ex. 1.) On July 12, 2011, America's Wholesale Lender assigned its beneficial interest under the Deed of Trust to defendant BONY. (FAC ¶ 11; RJN Ex. 2.) Plaintiff filed for a voluntary Chapter 13 bankruptcy on February 22, 2012 (FAC at ¶ 13; RJN Ex. 3), and on October 2, 2014, plaintiff filed a Motion for Approval of Sale of Real Property for the Subject Property in bankruptcy court (*id.* at ¶ 14). Plaintiff and defendant BONY then entered into a stipulation approving the sale of the Subject Property, which the bankruptcy court approved on October 29, 2014. (*Id.* at ¶ 15.)

However, on May 26, 2015, defendants informed plaintiff that they were not accepting plaintiff's short sale offer. (*Id.* at ¶ 17.) Subsequent to such notice, plaintiff submitted a loan

---

Notice of Default. (Dkt. No. 18, "DRJN.") Plaintiff has also filed a request for judicial notice of the following exhibits: (1) Exhibit A, Amended Schedule B, *In re Saji*, Bankr. No. 12-41580 (N.D. Cal. Bankr. Feb. 23, 2017); and (2) Second Amended Claim, *In re Saji*, Bankr. No. 12-41580 (N.D. Cal. Bankr. May 22, 2013). (Dkt. No. 19-1, "PRJN.") "Generally, a district court may not consider any material beyond the pleadings in ruling on Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). However, a court may take judicial notice of matters of public records and documents whose authenticity is not contested and upon which the plaintiff's complaint relies. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Santa Clara*, 307 F.2d 1119, 1125 (9th Cir. 2002); *see also* Fed. R. Evid. 201(b)(2). Here, the parties do not object to the each other's requests for judicial notice, and the documents attached to the DRJN and PRJN are appropriate for judicial notice. Accordingly, the Court **GRANTS** the parties' requests for judicial notice at Docket Numbers 18 and 19-1.

[2] Defendants' motion to dismiss was set for oral arguments on April 4, 2017. The Court previously vacated such hearing, noting that the Court would issue a written decision on the papers without oral argument, pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. (Dkt. No. 23.)

modification application in June 2015. (*Id.* at ¶ 19.) Plaintiff then alleges that on January 28, 2016, defendant RCS sent plaintiff a letter indicating that defendants have received a "complete loan modification application and were now able to move forward with underwriting a final decision." (*Id.* at ¶ 24.) In or around March 2016, during the pendency of such loan modification application, the servicing of plaintiff's loan was transferred from defendant RCS to defendant Ditech. (*Id.* at ¶ 25.) Finally, on or around September 6, 2016, defendants Ditech and BONY recorded a Notice of Default regarding the Subject Property. (*Id.* at ¶ 28.)

To date, plaintiff has yet to receive a determination on her loan modification application, or her most recent short sale offer of $850,000. (*Id.* at ¶ 27.)

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires

3

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

**III. DISCUSSION**

Defendants raise the following arguments in support of their motion to dismiss: (i) plaintiff's claims are barred by the doctrine of judicial estoppel for her failure to include such claims in her bankruptcy schedule; and plaintiff has failed to state a claim as to her causes of action under (ii) section 2924.10 for failure to provide written acknowledgment and (iii) common law negligence.[3] The Court addresses each, in turn.

**A. Doctrine of Judicial Estoppel as to All Claims**

Judicial estoppel is an "equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (citation omitted). Courts typically consider the following non-exclusive factors to determine whether the doctrine should be applied in any particular case, namely whether the party in question: (i) has taken a position "clearly inconsistent" with an earlier position; (ii) succeeded in persuading a court to accept that earlier position; and (iii) would derive an unfair advantage or impose an unfair detriment to the opposing party. *Id.* at 750–51. "In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013) (holding that this default rule satisfies the factors established in *New Hampshire* and comports with the "policy reasons underlying the doctrine of judicial estoppel," namely "to prevent litigants from playing 'fast and

---

[3] Apart from defendants judicial estoppel argument, which applies to all claims, defendants do not otherwise challenge plaintiff's first two causes of action for wrongful foreclosure pursuant to California Civil Code section 2923.6 and failure to provide an SPOC pursuant to California Civil Code section 2923.7.

4

loose' with the courts and to protect the integrity of the judicial system"). Courts have also held that judicial estoppel should not apply when the prior position "was based on inadvertence or mistake." *Id.*

Defendants argue that plaintiff should be estopped from bringing claims here because she did not list such claims in her bankruptcy schedules for her Chapter 13 bankruptcy. The following allegations and judicially noticeable facts are relevant to defendants' argument with respect to this issue:

Plaintiff filed a voluntary petition for Chapter 13 bankruptcy on February 22, 2012. (RJN Ex. 4.) At that time, plaintiff did not include in her bankruptcy schedules any claims against the defendants in this action. *Id.* Around October 27, 2014, plaintiff and defendants entered into a Stipulation Approving Sale of Real Property with defendant BONY, but defendants have since rejected several times plaintiff's short sale offers. (*See* FAC ¶¶ 14–17, 22–23, and 25–27.) On March 24, 2015, the bankruptcy court granted defendant BONY's motion seeking relief from the automatic stay of its ability to exercise its rights under the Note and Deed of Trust with respect to the Subject Property. (DRJN Ex. 6.) Plaintiff then filed a loan modification application in June 2015 (FAC ¶ 19), and on January 28, 2016, defendants acknowledged that they were in receipt of a complete loan modification application from plaintiff (*id.* at ¶ 24). On September 6, 2016, defendants recorded a notice of default regarding the Subject Property. (*Id.* at ¶ 28.) Plaintiff then initiated this action in state court on November 29, 2016 (Dkt. No. 1-1 at 15), which was then removed to this Court on January 4, 2017 (Dkt. No. 1). On February 23, 2017, plaintiff filed in the bankruptcy court an amended schedule, including her claims against defendants in this action. (PRJN Ex. A at 4.)

Based on the foregoing, the Court does not find that the application of judicial estoppel would be appropriate. Defendants rely heavily on the Ninth Circuit's decision in *Dzakula v. McHugh*, 746 F.3d 399 (9th Cir. 2014). There, the Ninth Circuit affirmed the district court's application of judicial estoppel where plaintiff only amended her schedule to include the claims after defendants filed a motion to dismiss. *Id.* at 402 (holding that, although the court could have reached the "opposite conclusion," the court did not abuse its discretion in applying judicial

5

estoppel to bar plaintiff's claims). While on the surface, *Dzakula* appears to present an analogous situation, the circumstances in *Dzakula* in fact differ from the situation at bar. There, the plaintiffs filed a Chapter 7 bankruptcy petition in October 2010, and then in December 2010, filed an employment litigation case against the United States Army. *Dzakula v. McHugh*, No. 10-CV-5462-PSG, 2011 WL 1807241, at *1 (N.D. Cal. Apr. 22, 2011). In both January 2011 and February 2011, the plaintiffs filed amended schedules in their Chapter 7 petition, yet did not list the pending employment litigation as an asset. *Id.* On February 3, 2011, the bankruptcy trustee issued a Report of No Distribution, and on March 1, 2011, the Army moved to dismiss the employment litigation on the grounds of judicial estoppel. *Id.* Only on March 2, 2011 did plaintiffs amend their Chapter 7 schedules to reflect the employment action as an asset, and on March 7, 2011, plaintiffs were granted a discharge in their bankruptcy. *Id.* In light of that history, the court found that the *New Hampshire* factors favored application of judicial estoppel, particularly because plaintiff only informed the trustee about the instant litigation after it had issued its report, and only days before the bankruptcy case terminated. *Id.* at *4.

Here, as plaintiff argues, whereas the claims in her bankruptcy proceedings as to defendants related to missing payments between November 1, 2009 to January 31, 2012, the events that gave rise to the issues in this litigation did not occur until much later. In fact, plaintiff's claims here arguably became ripe only after defendants entered a notice of default in October 2016, and plaintiff did not initiate this litigation until November 29, 2016. Plaintiff, therefore, could not have included such litigation in her bankruptcy schedules until around that time. In that context, defendants have not demonstrated why application of the judicial estoppel doctrine here would be equitable—there has been no showing that the bankruptcy court was misled or that plaintiff obtained an unfair benefit because of her three or four month delay in amending her bankruptcy schedule. *See New Hampshire*, 532 U.S. at 750–51 (discussing the three primary factors in determining whether application of judicial estoppel is appropriate). The facts here, therefore, do not satisfy the factors set forth in *New Hampshire* for applying the judicial

estoppel doctrine, nor would the policies undergirding such doctrine be promoted by its application.[4]

Accordingly, the Court finds that judicial estoppel does not bar plaintiff's claims and **DENIES** defendants motion to dismiss in this regard.

### B. Count Three: Failure to Provide Written Acknowledgment, Cal. Civ. Code § 2924.10

Plaintiff's third cause of action is for a violation of California Civil Code § 2924.10. Pursuant to this section, a loan servicer must provide a borrower written acknowledgement of a loan modification application within five business days. Such acknowledgment must include: (1) descriptions of the loan modification process; (2) deadlines to submit documentation; (3) expiration dates for submitted documents; and (4) any deficiency in the borrower's application. Cal. Civ. Code § 2924.10(a)(1)–(4).

Plaintiff's claim in this regard is based on her allegations that she filed a loan modification application in June 2015, but defendants did not provide a written acknowledgement of the same until January 28, 2016. (FAC ¶ 63.) Defendants argue that any such deficiency was cured on January 28, 2016 when plaintiff received the acknowledgment letter, pursuant to California Civil Code section 2924.12(c), which provides: "A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of a trustee's deed upon sale." Defendants note that here, there has been no recordation of a deed upon sale, and, therefore, plaintiff's receipt of the acknowledgment letter on January 28, 2016 negates her claim under section 2924.10.

Plaintiff counters that (i) the letter did not comply with the substantive requirements of section 2924.10 because it failed to include "expiration dates for submitted documents" and (ii) the letter was sent seven months after the initial application in violation of the five-day

---

[4] Plaintiff also argues that her amendment of the schedule on February 23, 2017 would have cured any defect precluding the application of judicial estoppel here. This argument does not persuade. *See Dzakula*, 746 F.3d at 402.

7

requirement in section 2924.10. With regard to her second argument, plaintiff appears to ignore the plain text of section 2924.12(c), and fails to provide any support whatsoever why such provision would not bar her claim that the letter violated the five-day requirement. With regard to her first argument regarding the substantive deficiency in the acknowledgment letter, such is not pled in the FAC, nor was the Court provided the letter as part of either party's request for judicial notice of key documents. The FAC lacks any allegations that the acknowledgment letter sent on January 28, 2016 was substantively deficient. Thus, the Court finds that plaintiff has failed to state a claim with respect to her cause of action under section 2924.10.

Accordingly, the Court **GRANTS** defendants' motion in this regard, and **DISMISSES WITHOUT PREJUDICE** and with leave to amend plaintiff's claim for failure to provide written acknowledgement of loan modification application pursuant to California Civil Code section 2924.10.

### C. Count Four: Negligence in Loan Servicing

To state a claim for negligence, a plaintiff must allege: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's damages or injuries. *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944 (2014) (citing *Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 62 (2013)). As a general rule in California, a "financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id.* at 945 (citing *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095–96 (1991)).

Defendants challenge plaintiff's claim for negligence on the following grounds: (i) they owed no duty of care to plaintiff in processing her loan modification application and (ii) plaintiff has suffered no injury. This Court has recently addressed the issue of whether a financial institution owes a duty of care to a lender in processing a loan modification application. *See Marques v. Wells Fargo Bank, N.A.*, No. 16-CV-3973-YGR, 2016 WL 5942329, at \* (N.D. Cal. Oct. 13, 2016). There, the Court acknowledged that both state and federal courts are "divided as to whether a lender owes a duty of care during a loan modification application process," based on

8

*Lueras* and *Alvarez*, two California appellate court decisions. *Id.* at \*6–7 (quoting *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1116 (E.D. Cal. 2015)). The Court found more persuasive the reasoning in *Lueras*, where the court held that "mortgage servicers do not owe borrowers a duty of care in the processing of loan modification applications" because such activities are "indistinguishable from the process of providing an original loan, and therefore, fall within the lender's 'conventional role as a lender of money.'" *Id.* at \*8 (citations omitted); *see also Lueras*, 221 Cal. App. 4th at 67 (explaining that there is no duty if "the lender did not place the borrower in a position creating a need for loan modification" because "then no moral blame would be attached to the lender's conduct").[5] Even the *Alvarez* court acknowledged that as "a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money," but found that, in certain circumstances, a lender may owe a duty of care to a borrower. *Alvarez*, 228 Cal. App. 4th at 945–46 (discussing situations in which a "special relationship" may exist between the lender and the borrower or where the lender made a misrepresentation to the borrower that resulted in the alleged injury). However, the Court does not find any such special circumstances here that would create such a duty. Plaintiff has not pled any facts which would suggest that the lender's role was somehow different in this context. Thus, and for the reasons stated in the Court's order in *Marques*, the Court finds that defendants owed no duty to plaintiff in the processing of her loan modification application.

Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's negligence claim. Because plaintiff could not amend the complaint to cure the deficiency as to this count, the dismissal is made with prejudice and without leave to amend.[6]

---

[5] Since the Court's order in *Marques*, at least one other court has found similarly. *See Morton v. Wells Fargo Bank, N.A.*, No. 16-CV-5833-HRL, 2016 WL 7117041, at \*5 (N.D. Cal. Dec. 7, 2016).

[6] Because the Court finds that no duty exists, the Court need not address defendants' additional argument that plaintiff has suffered no injury as a result of defendants' processing of her loan modification.

9

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** defendants' motion to dismiss as follows: Defendants' motion to dismiss with regard to Counts One and Two is **DENIED.** Count Three is **DISMISSED** with leave to amend, and Count Four is **DISMISSED WITH PREJUDICE**. Plaintiff shall have fourteen (14) days from the date of this Order to file a second amended complaint, and defendants shall have fourteen (14) days thereafter to respond.

The Court further sets a Case Management Conference for **Monday, August 7, 2017** at **2:00 p.m.** in the Federal Building, 1301 Clay Street, Oakland, California, Courtroom 1. No later than **July 31, 2017**, the parties must file a case management statement in compliance with the Civil Local Rules and this Court's Standing Orders.

This Order terminates Docket Number 17.

**IT IS SO ORDERED.**

Dated: April 20, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**